**Affirmed and Memorandum Opinion filed August 27, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00781-CR

### EX PARTE JUAN RAUL ROJAS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the County Criminal Court at Law Number 15 of
Harris County, Texas
Trial Court Cause No. 1969294**

## M E M O R A N D U M   O P I N I O N

Juan Raul Rojas appeals the trial court's denial of his post-conviction application for writ of habeas corpus. We affirm.

### BACKGROUND

Appellant pled guilty on January 12, 2004, to misdemeanor possession of less than two ounces of marijuana pursuant to a plea bargain. The trial court accepted appellant's guilty plea of deferred adjudication with community supervision and ordered him to pay a fine of $100. After appellant successfully completed ten months of community supervision deferred adjudication, the trial court dismissed the case

against him on November 29, 2004. Nearly ten years later, appellant, a lawful permanent resident of the United States, was denied entry into the United States and detained by the Department of Homeland Security on April 20, 2014. Appellant alleges that he was denied entry as a result of his deferred adjudication guilty plea.

Appellant filed an application for writ of habeas corpus under Texas Code of Criminal Procedure Articles 11.09 and 11.072 on June 19, 2014. In his application, appellant alleged that his guilty plea of deferred adjudication was involuntary due to ineffective assistance of counsel. At the hearing on his habeas corpus application, appellant introduced his affidavit into evidence. Appellant averred: "When I received the deferred [adjudication] it was explained to me that I would not have a conviction of any kind. My lawyer did not tell me that a deferred adjudication is a conviction for immigration purposes. I would not have accepted a deferred [adjudication] and would have gone to trial if I knew the consequences of the deferred [adjudication]." Appellant asked the trial court to set aside his conviction.

The trial court denied appellant's application for writ of habeas corpus on September 19, 2014, and appellant timely appealed.

We abated the appeal on January 22, 2015, and directed the trial court to reduce to writing its findings of fact and conclusions of law. *See* Tex. Code Crim. Proc. Ann. art. 11.072 § 7(a) (Vernon 2015).

The trial court signed findings of fact and conclusions of law on February 16, 2015. Among other things, it found: that at the time of the plea, appellant's trial counsel was not required to inform appellant of possible immigration consequences of a guilty plea; that appellant's trial counsel provided reasonably effective assistance of counsel; and that appellant's plea was not involuntary. The trial court also concluded that the State of Texas was harmed by appellant's 10-year delay in seeking habeas relief.

2

We reinstated this appeal after the trial court made its findings of fact and conclusions of law.

## STANDARD OF REVIEW

We review the record "in the light most favorable to the trial court's ruling and must uphold that ruling absent an abuse of discretion." *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). This deferential review applies even when the trial court's findings are implied rather than explicit and based on affidavits rather than live testimony. *See Ex parte Wheeler*, 203 S.W.3d 317, 325-26 (Tex. Crim. App. 2006).

When attacking the validity of a prior plea, the applicant "bears the burden of defeating the normal presumption that recitals in the written judgment are correct." *State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013). Additionally, matters alleged in a habeas application that are not admitted by the State are considered denied. *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 5(e) (Vernon 2015).

## ANALYSIS

Appellant contends the trial court abused its discretion when it determined that: (1) appellant's plea was voluntary and appellant received reasonably effective assistance of counsel; and (2) the doctrine of laches bars appellant's claims. Because we conclude that appellant has failed to establish ineffective assistance of counsel, we need not reach appellant's second issue.

The Sixth Amendment right to counsel encompasses the right to effective counsel. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). To establish ineffective assistance of counsel, a convicted defendant must satisfy a two-prong test. *Id.* at 687.

First, the defendant must show that counsel's performance was deficient. *Id.* This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Id.* "[T]he defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.

Second, the defendant must show that counsel's deficient performance prejudiced the defense. *Id.* at 687. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

An appellant's failure to satisfy either prong defeats an ineffective assistance claim. *See id.*; *see also Ex parte Moussazadeh*, 361 S.W.3d 684, 691 (Tex. Crim. App. 2012) ("[A]n applicant must meet both prongs of the *Strickland* standard . . . .").

Here, the plea at issue involved community supervision deferred adjudication and the payment of a $100 fine. With regard to counsel's advice concerning this plea, the appellant must overcome the presumption that trial counsel's actions fell within the wide range of reasonable and professional assistance. *See Garza v. State*, 213 S.W.3d 338, 348 (Tex. Crim. App. 2007).

The Supreme Court of the United States has held that "when the deportation consequence is truly clear, . . . the duty to give correct advice is equally clear." *Padilla v. Kentucky*, 559 U.S. 356, 369 (2010). "To satisfy this responsibility, we . . . hold that counsel must inform her client whether his plea carries a risk of deportation." *Id.* at 374. *Padilla* does not apply retroactively to cases on collateral review. *See Chaidez v. United States*, 133 S. Ct. 1103, 1113 (2013); *Ex parte De Los Reyes*, 392 S.W.3d 675, 678-79 (Tex. Crim. App. 2013). Thus, "defendants whose conviction became final prior to [March 31, 2010] . . . cannot benefit from [*Padilla*'s] holding." *Chaidez*, 133 S. Ct. at 1113. Therefore, appellant cannot rely upon *Padilla*

4

in attempting to establish ineffective assistance of counsel in connection with a 2004 plea bargain.

Appellant nonetheless asserts that "[c]ounsel's affirmative misadvice concerning a material issue that impacts the plea constitutes deficient performance." Nothing in this record indicates that the immigration consequences of appellant's guilty plea were discussed at all, or that appellant was told his deferred adjudication guilty plea would have no immigration consequences. In 2004, at the time of the plea bargain, attorneys were not required to inform defendants of possible immigration consequences of a guilty plea. *See Chaidez*, 133 S. Ct. at 1113. Although *Padilla* now imposes an affirmative duty on defense counsel to inform defendants regarding immigration consequences of guilty pleas, *Chaidez* established that *Padilla*'s holding cannot be retroactively applied. *See id.*

Viewed in the light of the law in effect at the time, we cannot conclude based on the record before us that the performance of appellant's counsel was deficient. Accordingly, we need not reach the second prong of the *Strickland* ineffective assistance standard, nor need we reach appellant's second issue.

## CONCLUSION

We affirm the trial court's denial of appellant's post-conviction application for writ of habeas corpus.

/s/     William J. Boyce
        Justice

Panel consists of Chief Justice Frost and Justices Boyce and McCally.
Do Not Publish—Tex. R. App. P. 47.2(b).